IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOY HASKINS, | * | |
| | * | |
| Plaintiff | * | |
| | * | CV 124-071 |
| v. | * | |
| | * | |
| THE HERSHEY COMPANY and THE KROGER CO., | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is Plaintiff's motion to remand. (Doc. 18.) For the following reasons, Plaintiff's motion is **DENIED**.

I. BACKGROUND

Plaintiff filed this case in the Superior Court of Columbia County on April 10, 2024, alleging personal injury claims arising out of a purportedly defective Hershey Cadbury Crème Egg she purchased from a Kroger grocery store. (Doc. 1-1, at 1, 3.) On May 16, 2024, Defendant The Hershey Company ("Defendant Hershey") filed in this Court a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, at 1-2.) Defendant Hershey then filed a "Notice of Filing Notice of Removal" ("notice of filing") in the Superior Court on May 17, 2024. (Doc. 22-3, at 2.) The notice of filing states:

> PLEASE TAKE NOTICE that Defendant The Hershey Company, by and through counsel, filed in the United States District Court for the Southern District of Georgia, Augusta Division (the "Federal Court") a Notice of Removal, a true and correct copy of which is attached herewith as Exhibit A, thereby removing this case to Federal Court. Accordingly, the jurisdiction of this Court is herewith suspended and any proceedings in this Court after the date of removal are null and void unless or until the Federal Court remands this matter to this Court.

(Id.) Though Defendant Hershey's notice of filing referenced the notice of removal as Exhibit A, no such exhibit was attached. (Id.; Doc. 18, at 1; Doc. 22, at 2.) PeachCourt records indicate a copy of Defendant Hershey's notice of filing was emailed on May 17, 2024, to six email addresses associated with Plaintiff's counsels' law firm, including to both of Plaintiff's named counsel. (Doc. 22-4, at 2-3; Doc. 22, at 3.) The same day, this Court issued a "Removal Notice to All Counsel of Record." (Doc. 2.) Plaintiff's counsel, Attorney W. Brian Cornwell, was named as a recipient of that notice. (Id.)

Plaintiff filed the instant motion to remand on June 14, 2024.[1] (Doc. 18.) Plaintiff contends removal is improper because Defendant Hershey failed to file the notice of removal with the Superior Court or provide it to Plaintiff's counsel. (Id. at 2.) Defendant Hersey responded in opposition to Plaintiff's motion (Doc. 22), and Plaintiff filed a reply (Doc. 26). The motion is now ripe for the Court's review.

---

[1] Defendant Hershey filed the notice of removal with the Superior Court on June 17, 2024, the next business day after Plaintiff filed the instant motion to remand. (Doc. 22, at 4.)

2

## II. STATEMENT OF LAW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the [appropriate] district court." 28 U.S.C. § 1441(a). Federal district courts' original jurisdiction includes federal question jurisdiction, which exists for claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and diversity jurisdiction, which exists when the amount in controversy exceeds $75,000 and the parties are citizens of different states, 28 U.S.C. § 1332(a).

A defendant seeking to remove a civil case from state to federal court must file a notice of removal in the federal district court to which it is removing. 28 U.S.C. § 1446(a). "Promptly after the filing of such notice . . . the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d). Failure to file a copy of the notice of removal with the state court "is a procedural defect that does not defeat federal jurisdiction," although a federal court could permissibly remand based on such deficiency. Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997) (upholding federal jurisdiction when defendant failed to file notice of removal in state court but plaintiff gave state court written and oral notice of the removal). "The purpose of the § 1446(d)

3

requirement is to notify the state court that it has been divested of jurisdiction by the removal." Garcia v. Rezi, No. 1:22-CV-03424, 2022 WL 18459846, at *3 (N.D. Ga. Nov. 28, 2022) (citation omitted). To that end, actual notice of the removal has been found sufficient to satisfy the requirements of 28 U.S.C. § 1446(d). Id. at *4 ("The state court had actual notice of the removal as of the date the Removal Letter was filed . . . which is enough to meet the requirements of § 1446(d) under this Circuit's precedents."). The value of actual notice is that it ensures the state court takes no further action in the case once the district court exercises jurisdiction over it. See Hardy v. Ford Motor Co., No. 7:09-CV-2363, 2010 WL 11561590, at *4 (N.D. Ala. Apr. 28, 2010) (denying motion to remand due to defendant's failure to file timely notice of removal in state court when "there [was] no assertion that the state court took any action in the case between the time the case was removed and the notice was filed with the clerk").

### III. DISCUSSION

As a preliminary matter, the Court notes Plaintiff's motion to remand is premised on a procedural, not jurisdictional, defect: Defendant Hershey's omission of the notice of removal from its May 17, 2024, state court filing. As such, the Court's jurisdiction over this case is proper. See Peterson, 124 F.3d at 1395.

As to whether this procedural defect warrants remand, the Court finds the state court and Plaintiff's counsel had actual notice of the removal: the notice of filing in the state court clearly states Defendant Hershey had filed a notice of removal in this Court, and Plaintiff's attorneys were alerted when Defendant Hershey filed the notice. (Doc. 22-3, at 2; Doc. 22, at 3.) Therefore, the notice of removal requirement of 28 U.S.C. § 1446(d) was satisfied on May 17, 2024. See Garcia, 2022 WL 18459846, at *4.

Nonetheless, Plaintiff argues that its filing of the motion to remand before Defendant cured the procedural defect renders the actual notice irrelevant. (Doc. 18, at 4.) Plaintiff asks the Court to follow Kisor v. Collins, which relied upon 28 U.S.C. § 1447(c) to grant a motion to remand due to the defendants' failure to include statutorily prescribed documents in their notice of removal filed with the district court. (Doc. 26, at 6-8); 338 F. Supp. 2d 1279 (N.D. Ala. 2004). 28 U.S.C. § 1447(c) permits a party to move to remand "on the basis of any defect other than subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." However, this Court notes the statute *mandates* remand only in the absence of subject matter jurisdiction. 28 U.S.C. § 1447(c). Kisor is nonbinding and involves different facts than those here. The Court is therefore not inclined to lend particular weight to its holding.

As noted above, the state court and Plaintiff's counsel had actual notice of the removal, thereby satisfying the notice requirement of 28 U.S.C. § 1446(d), even before Plaintiff filed its motion to remand. Plaintiff does not argue any other grounds for remand exist beyond Defendant Hershey's omission of the notice of removal from the state court filing. Additionally, Defendant Hershey avers it only became aware of the procedural defect when Plaintiff filed the instant motion, and it promptly filed the notice of removal the next business day. (Doc. 22, at 4-5.) Finally, neither party asserts the state court acted in this case between the date Defendant Hershey filed its notice of filing and the date it filed its notice of removal. For these reasons, Plaintiff's motion to remand is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's motion to remand (Doc. 18) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of January, 2025.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```